Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Hares Fakoor _____ Docket No. 1:18-CR-355 _____

### Petition on Supervised Release

COMES NOW Barry E. Raymond, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Hares Fakoor, who was placed on supervision by the Honorable Anthony J. Trenga, Senior United States District Judge sitting in the Court at Alexandria, Virginia, on the 3rd day of May 2019, who fixed the period of supervision at 10 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Returnable Date:** July 26, 2022

### ORDER OF COURT

Considered and ordered this 6th day of July, 20 22 and ordered filed and made a part of the records in the above case.

/s/
Anthony J. Trenga
United States District Judge

Anthony J. Trenga
Senior United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: July 6, 2022

Barry E. Raymond
Digitally signed by Barry E. Raymond
Date: 2022.07.06 12:10:45 -04'00'

Barry E. Raymond
Senior U.S. Probation Officer
703-366-2133

Place: Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**                                                                     Page 2
**RE: FAKOOR, Hares**

OFFENSE: Receipt of Child Pornography, in violation of Title 18, U.S.C., § 2252(a)(2) and (b)(1).

SENTENCE: 62 months' imprisonment with the Bureau of Prisons, to be followed by 10 years of supervised release. Additionally, special assessments totaling $5,100 were imposed. On March 5, 2020, a Restitution Order was filed, requiring the defendant to pay restitution totaling $8,350.

Special conditions of supervision are as follows:

1) The defendant shall pay restitution in an amount to be determined by the Court, due and payable immediately, with any unpaid balance to be paid in equal monthly payments of $150, to commence within 60 days of release, until paid in full.

2) The defendant shall provide the probation officer with any requested financial information.

3) The defendant shall apply all monies received from tax refunds, lottery winnings, inheritances, and any other anticipated or unexpected financial gains to outstanding restitution.

4) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychological and a psychosexual evaluation, as well as sex offender treatment. As part of the mental health treatment, he shall submit to polygraph testing as directed by the United States Probation Officer as part of his sex offender therapeutic program. The costs of these programs are to be paid by the defendant, as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

5) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding the substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the substance abuse treatment provider.

6) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, according to Federal and State Law and as directed by the probation officer.

7) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

8) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using young juvenile models or pictures of juveniles under the age of 18.

9) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer. Further, the defendant shall not accept any paid or volunteer positions involving children.

**Petition on Supervised Release**                                                       **Page 3**
**RE: FAKOOR, Hares**

10) The defendant shall comply with the requirements of the Computer Monitoring Program as administered by the United States Probation Office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant. Further, the defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any Internet service providers, bulletin board systems, or any other public or private computer network.

11) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

12) The defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

ADJUSTMENT TO SUPERVISION:

On June 16, 2022, Mr. Fakoor was released from the Bureau of Prisons to begin his 10-year term of supervised release. The defendant has paid a total of $1,781.89 towards the special assessment fees, with no restitution payments made to date. The defendant currently resides with his parents, has tested negative for illegal drug use to date and is in the process of being referred for treatment.

VIOLATIONS: The following violations are submitted for the Court's consideration.

| | |
|---|---|
| **SPECIAL CONDITION 8:** | THE DEFENDANT SHALL NOT HAVE ANY ACCESS TO OR POSSESS ANY PORNOGRAPHIC MATERIAL OR PICTURES DISPLAYING NUDITY OR ANY MAGAZINES USING YOUNG JUVENILE MODELS OR PICTURES OF JUVENILES UNDER THE AGE OF 18. |
| **SPECIAL CONDITION 10:** | THE DEFENDANT SHALL NOT POSSESS OR USE A COMPUTER TO ACCESS ANY ONLINE COMPUTER SERVICES AT ANY LOCATION, INCLUDING EMPLOYMENT, WITHOUT THE PRIOR APPROVAL OF THE PROBATION OFFICER. |
| **SPECIAL CONDITION 11:** | THE DEFENDANT SHALL NOT UTILIZE ANY SEX-RELATED ADULT TELEPHONE SERVICES, WEBSITES, OR ELECTRONIC BULLETIN BOARDS. |

Petition on Supervised Release                                                                                          Page 4
RE: FAKOOR, Hares

On June 16, 2022, this officer contacted the defendant by telephone to schedule our initial meeting to review the conditions of supervised release, treatment referral process and discuss expectations. This meeting was scheduled for June 22, 2022, at 2:00 p.m. During this call, this officer advised the defendant that he was not permitted to access to the Internet until granted permission by the probation office. The defendant acknowledged this direction.

On June 22, 2022, the defendant reported as instructed. While reviewing conditions, the defendant stated to this officer that since the day of his release on June 16, 2022, he had been on the Internet daily for the purposes of studying for a computer network exam that would help him obtain employment.

When questioned as to if he had visited other websites online in addition to studying for a computer exam, the defendant stated that he had been viewing adult pornography daily on websites such as Pornhub.com, XNXX.com, and HamsterX.com. When questioned as to what he was viewing, the defendant replied that it was all "adult" and "normal" stuff.

When questioned further, the defendant admitted that since his release on June 16, 2022, he had accessed the adult pornography websites noted herein approximately two or three times per day. He stated he would masturbate daily to the material and content he was viewing.

When advised he was in violation of his conditions of supervised release, the defendant indicated to this officer that he was unaware that viewing adult pornography was prohibited while on supervised release.

This officer reminded the defendant that on February 18, 2022, while still in the custody of the Bureau of Prisons, he and I had a conversation about his internet restrictions and prohibited content while on supervision.

As the defendant accessed the Internet on an unmonitored internet accessible device without permission and viewed pornography and sex-related websites in multiple instances while doing so, the probation office is respectfully requesting a summons be issued directing the defendant to appear before Your Honor for a hearing on violation of supervised release.


BER/nrl