IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:18-CR-355 |
| v. | ) | |
| | ) | Honorable Anthony J. Trenga |
| HARES FAKOOR, | ) | |
| | ) | Hearing Date: August 24, 2022 |
| Defendant. | ) | |
| | ) | |

**POSITION OF THE UNITED STATES ON
DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3583, Rule 32.1 of the Federal Rules of Criminal Procedure, and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), submits this memorandum regarding the supervised release violation of the defendant, Hares Fakoor ("defendant"). This memorandum relates to the July 6, 2022 Petition on Supervised Release ("Petition") submitted to the Court by the U.S. Probation Office. *See* ECF No. 117.

The Petition alleges that the defendant violated his supervised release conditions by using a computer without prior approval from his Probation Officer, using sex-related websites, and accessing pornographic material. A mere six days into his term of supervised release, the Defendant admitted to his Probation Officer that he had accessed the internet every day since his release from federal custody, viewing pornography sites and masturbating to the material and content he was viewing two to three times per day, every day.

The defendant engaged in sexually impulsive behaviors which began immediately upon his release from federal incarceration, indicating a high a risk of recidivism. For this and other reasons set forth below, the United States respectfully recommends the Court find the defendant

in violation of his conditions of supervised release, impose a period of incarceration of 10 days, and thereafter continue the defendant's current 10-year term of supervised release.

## BACKGROUND

### I. Underlying Offense and Instant Supervised Release Violation

On October 4, 2018, the defendant was indicted for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). ECF No. 19.

On December 13, 2018, this Court accepted the defendant's guilty plea to one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). ECF No. 39. The additional charge was dismissed by the government, pursuant to the plea agreement. ECF No. 39.

On May 3, 2019, this Court sentenced the defendant to (1) 62 months confinement, with credit for time served; (2) ten years of supervised release; (3) an undetermined amount in restitution; and (4) a $5,100 USD special assessment. ECF No. 60. The 62-month sentence of incarceration was significantly below the U.S.S.G. recommendation of 108 to 135 months. *See* ECF No. 50.

On June 16, 2022, the defendant was released to begin his ten-year term of supervision. ECF No. 117. On July 6, 2022, just 20 days into the defendant's ten-year period of supervised release, the U.S. Probation Office submitted its Petition and an arrest warrant was issued for the defendant for violating the terms of his supervised release. ECF No. 59 & 61. The Petition alleges that the defendant violated his supervised release conditions by using a computer without prior approval from his Probation Officer, using sex-related websites, and accessing pornographic material.

A mere six days into his term of supervised release, on June 22, 2022, the Defendant admitted to his Probation Officer that he had accessed the internet every day since his release from federal custody on June 16, 2022. In accessing the internet every day, the defendant admitted he was viewing pornography sites and masturbating to the material and content he was viewing. He stated he was accessing the internet, viewing pornography on sex-related websites, and masturbating to the material therein two to three times per day, every day. The defendant asserted that he only viewed "adult" and "normal" stuff; however, given that the defendant accessed pornographic sites on unapproved devices that did not have monitoring software, it is impossible to verify the veracity of his representation.

## II.    Criminal History

The defendant's criminal history demonstrates a disregard for the law and a lack of control over impulsive behaviors. His criminal history begins at age 18, when in 2003 he was convicted of misdemeanor Trespassing in a Prince William County District Court.[1] ECF 50 at ¶ 91.

In 2006, the defendant was convicted in Loudoun County of Indecent Exposure, a misdemeanor. In that instance, the defendant was discovered pulled over on the side of the road, fully nude, with an opened "Hooters" magazine. When asked by the deputy sheriff on scene to explain himself, the defendant stated that he "could not help it" and "ejaculated when he saw the deputy's lights." *Id.* at ¶ 92.

The defendant has also been convicted in Virginia state courts of three violations related to driving without a valid license in 2008,[2] one instance of Reckless Driving (originally charged

---

[1] The defendant was originally charged with Grand Larceny, a felony. ECF at ¶ 91.

[2] "Driving on Revoked License Contingent to Financial Responsibility" (initially charged as Driving While License Revoked); "Driving Without a License"; and "Driving While License Revoked or Suspended, 2nd Offense." ECF 50 at ¶¶ 93-95.

3

as Driving While Intoxicated, with a chemical breath test of 0.11) in 2009, and one instance of Driving While Intoxicated in 2016. *Id*. at ¶¶ 96-97.

## ANALYSIS

### I. Legal Standard

Supervised release revocation hearings are not formal trials, and the Federal Rules of Evidence need not be strictly observed. Fed. R. Evid. 1101(d)(3); *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968) (per curiam). To support a revocation, a court need only find by a preponderance of the evidence that the defendant violated a requisite condition of supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

If a court does not revoke supervised release, the court may continue, modify, or terminate a term of supervised release. 18 U.S.C. § 3583(e)(1)–(2). If a court opts for revocation, the court may impose a term of imprisonment equal to all or part of the supervised release term authorized by statute for the offense that resulted in the term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). In addition, a court may impose another period of supervised release, the length of which shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

Before revoking or modifying a term of supervised release, courts are to consider the § 3553(a) sentencing factors—except for those set forth in § 3553(a)(2)(A), and kinds of sentences available, per § 3553(a)(4). *See* 18 U.S.C. § 3583(e). Thus, factors to consider include the history and characteristics of the defendant, the nature and circumstances of the offense, the need for the sentence to provide adequate deterrence to criminal conduct, to protect the public from the

defendant's future criminal conduct, and to provide the defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(2)(B)–(D), (a)(4)–(7).

**II.     Statutory and Guidelines Analysis**

If the Court determines by a preponderance of the evidence that the defendant violated the terms of his supervised release, it may revoke the supervised released authorizes for the underlying offense. 18 U.S.C. § 3583(e)(3). The defendant's underlying offense is Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). With a maximum prison term of twenty years, the offense is a Class C felony. 18 U.S.C. § 3559(a)(3). Accordingly, if the defendant's supervised release is revoked, the Court may impose a maximum term of two years imprisonment. *See* 18 U.S.C. § 3583(e)(3) (capping term of imprisonment for violation of supervised release imposed for a Class C felony at two years).

Upon revocation, a court may impose an additional term of supervised release after a defendant's reimprisonment. The Court may impose a new supervised release term of the maximum term authorized by statute for the underlying offense resulting in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) (providing the calculation of the length of an additional term of supervised release). Here, as described above, the defendant's underlying offense carries a maximum term of supervised release for life. *See* 18 U.S.C. § 2252(a); *see also* 18 U.S.C. § 3583(k) (detailing an exception for crimes under 18 U.S.C. § 2252(a) to the general rule under 18 U.S.C. § 3582(b)(2) that supervised release is capped at three years for Class C felonies). Therefore, the Court could impose a new supervised release term of life.

The Sentencing Guidelines provide non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53

F.3d 638, 640 (4th Cir. 1995). The Guidelines also present recommended incarceration ranges for supervised release violations based on a defendant's Criminal History Category, and the nature of the supervised release violation. *See* U.S.S.G. § 7B1.4. In this case, the defendant's violations of his conditions of supervision are Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3). At the time of his sentencing for the underlying offense, the defendant had a Criminal History Category of II. ECF No. 50. When a defendant with a Criminal History Category of II commits a Grade C violation, the Guidelines suggest a term of imprisonment between 4 and 10 months. U.S.S.G. § 7B1.4(a).

## RECOMMENDATION

The defendant's criminal history and the underlying offense all demonstrates a disregard for the law and a lack of control over impulsive behaviors. Moreover, the defendant has adjusted poorly to supervision thus far, breaking core tenants of his supervised release conditions immediately upon release from federal custody: accessing the internet and viewing pornography on sex-related websites. Taken together, these facts illustrate the defendant's lack of appreciation for the severity of his offense and the conditions of supervised release imposed upon him, and warrant punitive action by the Court.

For such an underlying offense as Receipt of Child Pornography, the supervised release conditions prohibiting unapproved internet usage, use of sex-related websites, and use of pornography are paramount. These conditions are not only the core of such a supervised release agreement, they are instrumental to prevent recidivism.

The defendant violated these core tenants of his supervised release conditions immediately after being released from federal custody. The very day of his release, he instantly began accessing the internet daily, visiting sex-related websites, and viewing pornography two to three times a day.

Since the defendant was not authorized to use any internet devices, the devices on which he accessed the pornography were unauthorized, without any monitoring software. Therefore, while the defendant asserted he only viewed "normal," "adult" pornography, it is impossible to know with certainty the exact genre of material he watched. Regardless of the type of pornography viewed, this type of violation, so soon after the term of supervised release commenced, indicates a high likelihood that the defendant is on the path to recidivism.

    A brief period of incarceration is appropriate to serve as a deterrent and to help the defendant stay on track. If left unaddressed, the defendant's behavior indicates he is on the course to reoffend. It is in the best interest of both the defendant and the community for the defendant to take seriously the conditions of his supervised release and be deterred from committing any further violations. Therefore, the United States respectfully recommends the Court find the defendant in violation of his conditions of supervised release, impose a period of incarceration of 10 days, and thereafter continue the defendant's current 10-year term of supervised release.

Respectfully submitted,

Jessica Aber
United States Attorney

By:    /s/
      Jacqueline C. Campione
      Special Assistant United States Attorney
      Tony R. Roberts
      Assistant United States Attorney
      United States Attorney's Office
      Eastern District of Virginia
      2100 Jamieson Avenue
      (703) 299-3784
      jacqueline.campione@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 22, 2022, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

I further certify that, on August 22, 2022, I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

Barry E. Raymond
U.S. Probation Officer
Eastern District of Virginia
Barry_Raymond@vaep.uscourts.gov

By: ___/s/_____
Jacqueline C. Campione
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
(703) 299-3784
jacqueline.campione@usdoj.gov