**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>HARES FAKOOR, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:18-CR-355<br><br>Honorable Anthony J. Trenga<br><br>Hearing Date: November 17, 2022 |

**UPDATED POSITION OF THE UNITED STATES ON
DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3583, Rule 32.1 of the Federal Rules of Criminal Procedure, and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines") submits this memorandum regarding the supervised release violations of the defendant, Hares Fakoor ("defendant"). This memorandum relates to the July 6, 2022 Petition on Supervised Release ("Petition") and November 7, 2022 Addendum to Petition on Supervised Release ("Addendum") submitted to the Court by the U.S. Probation Office. *See* ECF Nos. 117 and 129.

**BACKGROUND**

On December 13, 2018, the defendant pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. Section 2252(a)(2) and (b)(1). (ECF No. 39.) He was sentenced to 62 months of incarceration and 10 years of supervised release. (ECF No 60.) On June 16, 2022, the defendant was released from BOP to begin the 10-year term of supervision. (ECF No. 117.)

On July 6, 2022, just 20 days into the defendant's supervised release, the defendant violated his supervised release conditions by using a computer without prior approval from his Probation Officer, using sex-related websites, and accessing pornographic material. *Id.* The defendant

admitted to accessing the pornographic websites and masturbating to the material therein two to three times per day, every day. *Id.* The Probation Office submitted a Petition detailing the defendant's violation and the Court issued a summons for the defendant to appear in Court.

On August 24, 2022, the defendant appeared in this Court and admitted he was guilty of committing the above-described violations. (ECF No. 128.) The defendant was found in violation of the terms of his supervised release, however the Court continued the matter for approximately three months to monitor the defendant's progress on supervision. *Id.*

## NEW SUPERVISED RELEASE VIOLATION

On October 21, 2022, the defendant admitted to additional unmonitored internet usage during his lifetime sexual history polygraph examination. (ECF No. 129.) The defendant stated he had again accessed the internet on numerous occasions, even though he knew he was prohibited from doing so. *Id.* The defendant stated he did so with his mother present, to look for employment. *Id.* The defendant did not ask for or obtain permission from the probation office prior to accessing the internet. *Id.*

The defendant's latest unauthorized internet use constitutes an additional violation of special condition #10 of the defendant's conditions of supervised release: "the defendant shall not possess or use a computer to access any online computer services at any location, including employment, without prior approval of the probation officer." *Id.*

The U.S. Probation Office submitted an Addendum detailing this additional violation on November 7, 2022. *Id.* As of this writing, the defendant has not secured employment.

## STATUTORY GUIDELINE SUGGESTION

At the time of his sentencing for the underlying offense, the defendant had a Criminal History Category of II. (ECF No. 50.) When a defendant with a Criminal History Category of II

2

commits a Grade C violation, the Guidelines suggest a term of imprisonment between 4 and 10 months. U.S.S.G. § 7B1.4(a).

## RECOMMENDATION

The United States respectfully recommends that the Court find the defendant in violation of the conditions of his supervised release, impose a period of incarceration of 10 days, and continue the defendant's current 10-year term of supervised release.

A period of incarceration is an appropriate and necessary sanction considering the defendant's repeated violations of supervision. The supervised release conditions prohibiting unapproved internet usage, use of sex-related websites, and use of pornography are paramount. These conditions are not only the core of a supervised release agreement in a case involving receipt of child pornography, but they are also instrumental to prevent recidivism. A period of incarceration hopefully will encourage the defendant to take seriously the conditions of his supervised release and deter him from committing further violations.

Respectfully submitted,

Jessica Aber
United States Attorney

By:   /s/
Jacqueline C. Campione
Special Assistant United States Attorney
Lauren Halper
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
(703) 299-3784
jacqueline.campione@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

I further certify that, on November 14, 2022, I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

Barry E. Raymond
U.S. Probation Officer
Eastern District of Virginia
Barry_Raymond@vaep.uscourts.gov

                      By:   /s/
                             Jacqueline C. Campione
                             Special Assistant United States Attorney
                             United States Attorney's Office
                             Eastern District of Virginia
                             2100 Jamieson Avenue
                             (703) 299-3784
                             jacqueline.campione@usdoj.gov