IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:18-cr-355 |
| v. ) | |
| ) | The Honorable Anthony J. Trenga |
| HARES FAKOOR, ) | |
| ) | Hearing Date: November 15, 2023 |
| Defendant. ) | |

**UNITED STATES' POSITION ON DEFENDANT'S
SUPERVISED RELEASE VIOLATION**

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3583, Rule 32.1 of the Federal Rules of Criminal Procedure, and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), submits this memorandum regarding the violation of supervised release by Hares Fakoor ("Defendant"), as documented in the October 4, 2023, Petition on Supervised Release ("Petition") submitted by Senior United States Probation Officer Barry E. Raymond. *See* ECF No. 134. The Petition alleges Defendant violated two terms of his supervised release: (1) Special Condition #5, which requires Defendant to work regularly at a lawful occupation, unless excused by the Probation Officer; and (2) Special Condition #4, which requires Defendant to participate in mental health treatment and sex offender treatment.

For the reasons stated below, the United States respectfully requests that the Court find Defendant in violation of the terms of his supervised release and continue sentencing for a period of approximately ninety days.

## I.     BACKGROUND

### A.     The Underlying Offense

On December 13, 2018, Defendant entered a plea of guilty to Count One of an indictment charging him with receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1). ECF Nos. 38, 39. On May 3, 2019, this Court sentenced Defendant to 62 months in prison, a ten-year term of supervised release, and special assessments of $100 and $5,000, respectively. ECF No. 39. On March 3, 2020, Defendant was ordered to pay restitution in the amount of $8,350. ECF No. 69. Defendant began serving his term of supervised release on June 16, 2022. *See* ECF 117, at 3.

### B.     First Violation

As summarized in the Petition, this Court previously found that Defendant violated the terms of his supervised release:

> On July 6, 2022, a violation petition was submitted to the Court that alleged that the defendant had accessed the internet without the permission of the probation office and without computer monitoring installed on the desk top computer he was using. The defendant disclosed on June 22, 2022, that since his release on June 16, 2022, he had accessed the internet and in addition to studying for a computer programming exam, he had accessed commercial adult pornography websites such as Pornhub.com, XNXX.com and Xhamster.com. He admitted to accessing these sites 2-3 times daily over this time period and noted that he was viewing "adult" and "normal" stuff.
>
> On August 24, 2022, the defendant appeared before the Court for a hearing on violation of supervised release and stipulated to the violations alleged. On that date. Your Honor continued the matter for three months to allow the probation office to monitor the defendant's conduct and progress.
>
> On November 7, 2022, a violation addendum was submitted to Your Honor which alleged that during a polygraph conducted on October 21, 2022, the defendant disclosed that he had again accessed the internet on numerous occasions without the permission of the probation office. The defendant denied accessing pornography and stated that he accessed the internet for the purposes of studying and employment searches. The polygraph was found to be truthful.

> On November 17, 2022, the defendant appeared before Your Honor and was sentenced to five (5) days of incarceration on the violation. Upon release, it was ordered that a new 10-year period of supervised release commence with all original terms and conditions remaining in full force and effect.

ECF No. 134 at 3.

C.  **Current Alleged Violation**

The current Petition alleges Defendant violated two terms of his supervised release: (1) Special Condition #5, which requires Defendant to work regularly at a lawful occupation, unless excused by the Probation Officer for schooling, training, or other acceptable reasons; and (2) Special Condition #4, which requires Defendant to participate in mental health treatment and sex offender treatment. *See* ECF No. 134, at 3–5.

*First*, Defendant has failed to obtain lawful employment, in violation of Standard Condition #5. *See id.* at 3–4. Defendant's desired field is computer programming and development. *See id.* The Probation Officer advised Defendant that obtaining employment in this area would be difficult because of the nature of his conviction. *See id.* Nevertheless, for a period of approximately five months, the Probation Officer allowed Defendant to focus his efforts on seeking employment in computer programming and development. *See id.* Defendant obtained additional certifications but failed to secure employment during this five-month period, at which point the Probation Officer advised Defendant that he needed to look for employment in other areas and could not remain unemployed for an indeterminate period. *See id.* It has now been more than one year since Defendant was released on supervised release, and Defendant has not secured employment of any kind. *See id.*

*Second*, Defendant has failed to meet the requirements of his sex offender treatment, in violation of Special Condition #4 of his supervised release. *See id.* at 4–5. Defendant was discharged from his sex offender treatment program after accruing four unexcused absences in

3

2023. *See id.* Prior to his discharge, Defendant also failed to complete an assignment even after his therapist provided a second chance to complete the assignment. *See id.*

## II. ANALYSIS

### A. Legal Standard

"Supervised release revocation hearings are informal proceedings in which the rules of evidence . . . need not be strictly applied." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012) (citing Fed. R. Evid. 1101(d)(3)). A court need only find by a preponderance of the evidence that Defendant violated a condition of release to support a revocation order. *See* 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Upon a finding that a defendant violated a condition of supervised release, a court may: (1) revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served (subject to a cap based on the nature of the underlying offense); (2) extend the term of supervised release if less than the maximum authorized term was ordered; or (3) modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C. § 3583(e). If a court revokes supervised release and imposes imprisonment, the court may also sentence Defendant to another term of supervised release, not to exceed the length of the term authorized for the original offense, less the term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

Before revoking or modifying a term of supervised release, courts are to consider the § 3553(a) sentencing factors—except for factors under § 3553(a)(2)(A), or the kinds of sentences available under § 3553(a)(3). *See* 18 U.S.C. § 3583(e). Thus, the factors a court considers include the history and characteristics of Defendant, the nature and circumstances of the offense, the need for the sentence to provide adequate deterrence to criminal conduct, to protect the public from

Defendant's future criminal conduct, and to provide Defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(2)(B)–(D), (a)(4)–(7).

**B.      Statutory and Guidelines Analysis**

   *i.   Maximum term of imprisonment upon revocation.*

If the Court determines by a preponderance of the evidence that Defendant violated the terms of his supervised release, it may revoke the supervised release authorized for the underlying offense. 18 U.S.C. § 3583(e)(3). At the time of his sentencing in 2019, Defendant's underlying offense of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), was categorized as a Class C felony carrying a maximum term of 20 years' imprisonment. *See* 18 U.S.C. § 3559(a)(3) (defining a Class C felony as any offense for which the maximum penalty is imprisonment of ten years or more, but less than twenty-five years). Accordingly, if Defendant's supervised release is revoked, the Court may impose a maximum term of two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3) (capping term of imprisonment for violation of supervised release imposed for a Class C felony at two years).

   *ii.   Maximum additional term of supervised release after term of reimprisonment served.*

Upon revocation, the Court may impose an additional term of supervised release not to exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation. 18 U.S.C. § 3583(h) (providing the calculation of the length of an additional term of supervised release). Here, Defendant was convicted of an offense under 18 U.S.C. § 2252, which carries a maximum term of supervised release of life. *See* 18 U.S.C. § 3583(k). Therefore, the Court may impose a new term of supervised release of any length, including life, upon revocation of supervised release. 18 U.S.C. § 3583(h); *see, e.g., United States v. Gasser*, No.

505CR00112KKCMAS, 2022 WL 18587876, at *2 (E.D. Ky. Dec. 30, 2022), *report and recommendation adopted*, No. CR 5:05-112-KKC, 2023 WL 1786108 (E.D. Ky. Feb. 6, 2023) ("[T]he term of supervised release that could be reimposed is a maximum of life.").

    iii.    *Policy Statement calculation.*

The Sentencing Commission provides non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Under the relevant policy statement, there are three grades of violations. Where there is more than one violation of the conditions of release alleged, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). In this case, Defendant's violation constitutes a Grade C violation under the Guidelines. A Grade C violation consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). The Sentencing Commission's policy statements in U.S.S.G. § 7B1.4 provide a suggested range of terms of imprisonment upon revocation of supervised release. *See* U.S.S.G. § 7B1.3(b).

At the time of sentencing, this Court determined that Defendant's past conduct fell under Criminal History Category II. ECF No. 59. For a Grade C violation and a Criminal History Category of II, the Guidelines suggest a term of imprisonment of 4–10 months. *See* U.S.S.G. § 7B1.4.

## II.    <u>RECOMMENDATION</u>

The United States respectfully requests that the Court find Defendant in violation of the terms of his supervised release and continue sentencing for a period of approximately ninety days. After such time, the United States will be in a better position to make a sentencing recommendation

based on whether and the extent to which Defendant has achieved compliance with the terms of his supervised release at issue in the Petition.

The United States understands that Defendant does not intend to challenge the violations documented in the Petition. The United States further understands that Defendant is now committed to engaging in a broader search for lawful employment, to include fields outside of computer programming and development. The United States also understands that Defendant is committed to resuming sex offender treatment, with the caveat that Defendant would like to seek treatment in an alternative program and will provide the Court and Probation Officer with additional information on this issue. Finally, the United States understands that the therapist at Defendant's current treatment program believes Defendant needs to come back to treatment and that Defendant would be welcomed back into the program if he sought to resume treatment there.

To evaluate Defendant's representations and progress toward compliance with the conditions of his supervised release, the United States respectfully requests a continuance of sentencing for approximately ninety days. The United States and counsel for the Defendant have conferred regarding potential dates for a continued sentencing hearing and have identified February 15, 16, 21, 22, and 23, 2024, as dates that would be agreeable to both parties. As of the time this memorandum was filed, the United States was unable to reach the Probation Officer regarding potential dates.

Respectfully submitted,

Jessica D. Aber
United States Attorney


_____/s/_____

R. Owen Dunn
Special Assistant United States Attorney
Kenneth R. Simon, Jr.
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:   (703) 299-3927
Fax:      (703) 299-3980
Email:    ralf.dunn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2023, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

I further certify that on this same day I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

> Barry Raymond
> Senior U.S. Probation Officer
> Eastern District of Virginia
> Email: Barry_Raymond@vaep.uscourts.gov

Respectfully submitted,

/s/
R. Owen Dunn
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:   (703) 299-3927
Fax:      (703) 299-3980
Email:    ralf.dunn@usdoj.gov