IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 1:18-CR-355 |
| v. ) | |
| ) | The Honorable Anthony J. Trenga |
| HARES FAKOOR, ) | |
| ) | Hearing Date: November 13, 2024 |
| Defendant. ) | |

**UNITED STATES' POSITION ON DEFENDANT'S
SUPERVISED RELEASE VIOLATION**

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3583, Rule 32.1 of the Federal Rule of Criminal Procedure, and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), submits this memorandum regarding the violation of supervised release by Hares Fakoor ("Defendant"), as documented in the October 17, 2024, Petition on Supervised Release ("Petition") submitted by the Probation Officer. *See* ECF No. 152. This is the third such petition in this case. *See* ECF Nos. 117, 134, 152. The instant Petition alleges that Defendant has violated his supervised release conditions by (1) using alcohol; (2) failing to submit to remote alcohol testing on 23 occasions; (3) failing to satisfactorily participate in sex offender and mental health treatment; and (4) failing to pay restitution. ECF No. 152.

For the reasons stated below, the United States respectfully requests that the Court find Defendant in violation of the terms of his supervised release, revoke his supervision, impose a three-month term of incarceration (to the extent that Defendant admits his violations), and impose a new term of supervised release commensurate with the original term of 10 years with the same conditions previously imposed.

## I.  BACKGROUND

### A.  The Underlying Offense

On December 13, 2018, Defendant entered a plea of guilty to Count One of an indictment charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). *See* ECF Nos. 38, 39.  The penalties for that offense are (and were at the time): a mandatory minimum term of imprisonment of five years, a maximum possible term of imprisonment of 20 years, a maximum possible fine of $250,000, supervised release for a term of not less than five years, and up to life, a special assessment of $100, and an additional special assessment of $5,000 given the nature of the crime. 18 U.S.C. § 2252 (b)(1) (term of imprisonment); 18 U.S.C. § 3571(b)(3) (fine); 18 U.S.C. § 3583(k) (supervised release); 18 U.S.C. § 3013(a)(2)(A) (special assessment for felonies); 18 U.S.C. § 3014(a)(3) (special assessment for crimes relating to sexual exploitation and other abuse of children).  On May 3, 2019, this Court sentenced Defendant to 62 months in prison, a 10-year term of supervised release, and special assessments of $100 and $5,000, respectively. ECF No. 59.  On March 5, 2020, Defendant was ordered to pay restitution in the amount of $8,350. ECF No. 69.  Defendant began serving his 10-year term of supervised release on June 16, 2022. ECF No. 117 at 3.

### B.  History of Violations on Supervised Release

As summarized in the current Petition, this Court has twice previously found that Defendant violated the terms of his supervised release and imposed sanctions on both occasions:

> On July 6, 2022, a violation petition was submitted to the Court advising that the defendant had accessed the internet without the permission of the probation office and without computer monitoring installed on a desktop computer he possessed. The defendant disclosed on June 22, 2022, that since his release on June 16, 2022, he had accessed the internet and in addition to studying for a computer programming exam, he had accessed commercial adult pornography websites such as Pornhub.com, XNXX.com, and Xhamster.com. He admitted to accessing these sites 2-3 times daily over this period and noted that he was viewing "adult" and

2

"normal" stuff.

On August 24, 2022, the defendant appeared before the Court for a hearing on violation of supervised release and stipulated to the violations alleged. On that date, Your Honor continued the matter for three (3) months to allow the probation office to monitor the defendant's conduct and progress.

On November 7, 2022, a violation addendum was submitted to Your Honor which alleged that during a polygraph conducted on October 21, 2022, the defendant disclosed that he had again accessed the internet on numerous occasions without the permission of the probation office. The defendant denied accessing pornography and stated that he accessed the internet for the purposes of studying and employment searches. The polygraph was found to be truthful.

On November 17, 2022, the defendant appeared before Your Honor and was sentenced to five (5) days of incarceration on the violation. Upon release, it was ordered that a new ten (10)-year period of supervised release commence with all original terms and conditions remaining in full force and effect.

On October 3, 2023, a violation petition was submitted to Your Honor which alleged that Mr. Fakoor had been terminated from sex offender treatment and failed to obtain employment.

On November 15, 2023, a Final Hearing for Revocation of Supervised Release was held where the defendant admitted the violations. The Court continued the hearing to February 21, 2024, and ordered that the defendant participate in the CCFS treatment program and not consume any alcohol in the interim.

Mr. Fakoor was terminated from the CCFS treatment program on January 10, 2024, due to a lack of amenability to the treatment provider's program. Further, the defendant failed to secure employment. An Addendum to the Petition on Supervised Release was submitted to the Court to report these violations on February 9, 2024.

On February 21, 2024, Mr. Fakoor appeared before the Court and was found in violation of the terms of his supervised release. The defendant was ordered to be remanded to the custody of the U.S. Marshals for fifteen (15) days followed by the continuation of the term of supervised release. His conditions of supervised release (Standard Condition No. 5) were amended as follows: The defendant shall spend at least thirty (30) hours per week at a lawful occupation or community service as approved by probation unless excused by the probation officer for schooling, training, or other acceptable reasons.

ECF No. 152 at 3-4. Defendant was released from U.S. Marshal custody on March 6, 2024, to continue his ten-year term of supervised release.

3

The October 17, 2024, Petition also notes the following circumstances and additional conditions imposed since that time:

> Mr. Fakoor was released from U.S. Marshal custody on March 6, 2024, to continue his ten 10-year term of supervised release. Since his release, the defendant has failed to secure employment or complete the requisite thirty (30) hours per week of community service. It should be noted that the probation office allowed the defendant to complete twenty (20) hours of community service a week in a show of good faith and willingness to allow Mr. Fakoor to spend more time searching for employment. However, Mr. Fakoor has failed to complete twenty (20) hours of community service per week since his release. Additionally, the defendant has failed to make required monthly payments towards his court-ordered financial obligation. His last payment was made on January 9, 2024, and the outstanding balance is $2,518.11.
>
> In response, on August 2, 2024, the Court modified Mr. Fakoor's conditions to include:
>
>> The defendant is to make every possible effort to obtain employment. The defendant's search for employment may be directed as deemed reasonably appropriate by the probation officer, and the defendant's progress may be monitored in a means deemed reasonably appropriate by the probation officer.
>>
>> The defendant's use of and access to any computer or personal electronic device will be at the direction of the probation officer. The probation officer will determine suitable times and manners for using these devices, to include personal contacts, internet access, and entertainment. The probation officer may set specific times and purposes for use. The defendant will be prohibited from using any devices in any manner other than those prescribed by the probation officer.
>
> Since that time, probation has restricted Mr. Fakoor's computer access to two (2) hours a day for the purpose of applying for jobs and responding to interview requests. Additional time and considerations have been given as needed. Additionally, probation has monitored Mr. Fakoor's job search, in which he has remained unsuccessful.
>
> On August 23, 2024, the probation office received an email from Mr. Fakoor's sex offender treatment provider advising that the defendant reported drinking ten (10) to twelve (12) beers the evening before and the same quantity the evening before that. Further, according to the treatment provider, Mr. Fakoor had reported consuming alcohol over the prior weekend. The treatment provider noted that Mr. Fakoor was consuming alcohol around the time of the instant offense and expressed

concern at the correlation. Finally, the treatment provider advised that Mr. Fakoor appeared unmotivated to stop consuming alcohol.

On August 30, 2024, Mr. Fakoor signed a Probation Form 49, agreeing to amend his conditions to include that he must abstain from alcohol. The probation office advised Mr. Fakoor that he could no longer consume alcohol, as it could be detrimental to his treatment, his job search, and possibly his freedom. He acknowledged this directive and advised that he would comply.

On September 4, 2024, Senior U.S. Probation Officer Robert Walters made contact with Mr. Fakoor at his home. During the contact, Mr. Fakoor advised that he consumed alcohol on August 31, 2024, and acknowledged that he knew he was not allowed to do this. Mr. Fakoor was again instructed not to consume alcohol.

On September 9, 2024, Officer Walters discussed Mr. Fakoor's most recent alcohol use with the treatment provider. It was determined that the best course of action would be monitoring Mr. Fakoor through a Random Alcohol Testing device, as well as requiring him to abstain from the consumption of alcohol. It should be noted that the treatment provider also reported that the defendant has presented in recent sessions as combative, rude, and insulting towards the provider and other members of the treatment group.

Considering the defendant's failure to find employment, complete community service hours, and pay his fine, coupled with his apparent unwillingness to abstain from the consumption of alcohol, a modification of his special conditions was presented to Mr. Fakoor. On September 11, 2024, the defendant signed a Probation Form 49 with Officer Walters, agreeing to modify the conditions of his supervision and waiving his right to a hearing. On September 13, 2024, Your Honor executed the Form 49, ordering that the defendant not possess or consume alcohol, and that he participate in remote alcohol testing as directed by probation.

*Id.* at 4-5.

**C.   Current Alleged Violation**

The current Petition alleges that Defendant violated four terms of his supervised release: (1) the September 13, 2024, modified condition prohibiting Defendant from possessing or consuming alcohol; (2) the September 13, 2024, modified condition requiring Defendant to participate in Remote Alcohol Testing; (3) special condition 6, requiring Defendant to participate in a sex offender and mental health treatment program; and (4) special condition 1, requiring Defendant to pay restitution. ECF No. 152 at 2, 6; *see* ECF No. 151 (modified conditions).

5

Specifically, the Petition sets forth that on October 5, 2024, Defendant submitted a scheduled breathalyzer through the remote alcohol testing equipment that registered a BAC of .146%. ECF No. 152 at 6. Furthermore, the Petition notes that Defendant's remote alcohol testing is to take place at 7:00 AM, 2:00 PM, and 11:00 PM each day but that between October 9, 2024, and October 17, 2024, Defendant missed a total of 23 scheduled breathalyzer tests. *Id.* On October 16, 2024, Defendant was unsatisfactorily terminated from sex offender and mental health treatment by Counseling and Forensic Services for failure to comply with treatment and his contract. *Id.* Additionally, Defendant has an outstanding restitution balance of $2,518.11; the last payment received was on January 9, 2024. *Id.*

## II.  ANALYSIS

### A.  Legal Standard

"Supervised release revocation hearings are informal proceedings in which the rules of evidence . . . need not be strictly applied." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012) (citing Fed. R. Evid. 1101(d)(3)). A court need only find by a preponderance of the evidence that the defendant violated a condition of release to support a revocation order. *See* 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Upon a finding that a defendant violated a condition of supervised release, a court may: (1) revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served (subject to a cap based on the nature of the underlying offense); (2) extend the term of supervised release if less than the maximum authorized term was ordered; or (3) modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C. § 3583(e). If a court revokes supervised release and imposes imprisonment, the court may also sentence the defendant to another term of supervised release,

not to exceed the length of the term authorized for the original offense, less the term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

Before modifying or revoking a term of supervised release, a court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3552(a)(2)(D); (5) the kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Sentencing Commission's guidelines, 18 U.S.C. § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission in effect on the date of sentencing, 18 U.S.C. § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); and (8) the need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7). *See* 18 U.S.C. 3583(e).

B. **Statutory and Guidelines Analysis**

   i. *Maximum term of imprisonment upon revocation.*

If the Court determines by a preponderance of the evidence that Defendant violated the terms of his supervised release, it may revoke the supervised release authorized for the underlying offense. 18 U.S.C. § 3583(e)(3). At the time of his sentencing in 2019, Defendant's underlying offense of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), was categorized as a Class C felony carrying a maximum term of 20 years' imprisonment. *See* 18

7

U.S.C. § 3559(a)(3) (defining a Class C felony as any offense for which the maximum penalty is imprisonment of ten years or more, but less than twenty-five years). Accordingly, if Defendant's supervised release is revoked, the Court may impose a maximum term of two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3) (capping term of imprisonment for violation of supervised release imposed for a Class C felony at two years).

        ii.     *Maximum additional term of supervised release after term of reimprisonment served.*

Upon revocation, the Court may impose an additional term of supervised release not to exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation. 18 U.S.C. § 3583(h). The maximum authorized term of supervised release for violation of 18 U.S.C. § 2252(a)(2) is life. 18 U.S.C. § 3583(k). Therefore, the Court could impose a new supervised release term of up to life, regardless of the length of any term of imprisonment imposed upon revocation.[1]

        iii.    *Policy statement calculation.*

The Sentencing Commission provides non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. §§ 7A1, 7B1.1-7B1.5; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Under the relevant policy statement, there are three grades of violations. U.S.S.G. § 7B1.1(a). In this case, because Defendant's actions violated

---

[1] Although punishment for the underlying offense included a minimum of five years of supervised release, the court would not be required to impose any minimum term of supervised release upon revocation, as 18 U.S.C. § 3583(h) provides for a maximum, but not a minimum, term of supervised release. *United States v. Nelson*, 37 F.4th 962, 966 (4th Cir. 2022) ("[N]either § 3583 nor the Guidelines provides any lower limit – mandatory or advisory – on supervised release terms imposed after revocation.").

his conditions of supervision, but those actions did not otherwise constitute a federal, state, or local offense, they are Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3).

The policy statements provide that upon a finding of a Grade C violation, a court may either: (1) revoke supervised release; or (2) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). If revoked, the applicable range of imprisonment is that set forth in § 7B1.4, which considers the grade of violation and the defendant's criminal history category at the time of his original sentence. At the time of sentencing, the Court determined that Criminal History Category II applied. *See* ECF No. 59. For a Grade C violation and Criminal History Category of II, the Guidelines suggest a term of imprisonment of four to ten months. *See* U.S.S.G. § 7B1.4. The application notes provide that revocation "is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision." U.S.S.G. § 7B1.3 Application Note 1.

### III. RECOMMENDATION

The United States respectfully requests that the Court find Defendant in violation of the terms of his supervised release and revoke his supervision. To the extent that Defendant admits to his violations, the United States recommends the Court impose a three-month term of incarceration and impose a new term of supervised release commensurate with the original term of ten years, with the same conditions previously imposed. To the extent that Defendant does not admit to his violations, a longer term of incarceration may be appropriate.

First, this sentence is appropriate given the serious nature of the underlying offense, the need for deterrence, and the need to protect the public from further crimes by Defendant. This is the third Petition on Supervised Release in this case. Defendant has not learned from his prior

violations and the sanctions imposed for those violations, which included five days of imprisonment in November 2022 and 15 days of imprisonment imposed in February 2024. Despite an order from this Court prohibiting Defendant from consuming alcohol, Defendant continues to demonstrate an unwillingness to stop. Of the 27 remote alcohol tests ordered by the Court between October 9 and October 17, 2024, Defendant failed to complete 23—or 85 percent. Defendant's refusal to participate in remote alcohol testing is particularly concerning, as his sexual offender therapy provider suggested a correlation between his alcohol use and his proclivity for behavior related to the underlying offense—receipt of child pornography. Additionally, Defendant has been terminated twice from sexual offender and mental health programs for failure to comply. Given the seriousness of the underlying offense, Defendant's repeated failure to participate in remote alcohol testing, and his termination from rehabilitation programs, the need for the sentence imposed to afford adequate deterrence and protect the public from further crimes is significant here. These facts therefore weigh heavily in favor of revocation.

Second, the recommended three-month sentence falls just below the applicable sentencing range established for a Grade C violation for a defendant with a Criminal History Category of II. Given Defendant's repeated Grade C violations, the Guidelines further indicate that revocation "is the appropriate disposition." *See* U.S.S.G. § 7B1.3 Application Note 1. If left unaddressed, Defendant's repeated violations show that he is on the course to reoffend.

A longer period of incarceration hopefully will encourage Defendant to take seriously the conditions of his supervised release and deter him from committing further violations.

Dated: November 11, 2024

                                        Respectfully submitted,

                                        Jessica D. Aber
                                        United States Attorney

                                                          /s/
                                        Maia Foster / DC #90021889
                                        Special Assistant United States Attorney
                                        Tony R. Roberts
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, VA 22314
                                        Office:   (703) 299-3820
                                        Fax:     (703) 299-3980
                                        Email:   Maia.Foster2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that, on November 11, 2024, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record. I further certify that, on November 11, 2024, I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

      Robert Walters  
      Senior U.S. Probation Officer  
      Eastern District of Virginia  
      Email: Robert_Walters@vaep.uscourts.gov

      _____/s/_____  
      Maia Foster  
      Special Assistant United States Attorney